R. P. ELLINGSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

R. P. ELLINGSON, ADMINISTRATOR, ESTATE OF C. K. ELLINGSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6528, 6529.   Promulgated August 25, 1927.

*J. Harry Byrne, Esq.*, for the respondent.

SMITH: The above entitled appeals are consolidated for the purpose of decision. R. P. Ellingson appeals from the determination by the respondent of a deficiency in income tax for the year 1920 of $1,487.94, and as administrator of the estate of C. K. Ellingson appeals from the determination of a deficiency for the year 1920 of $1,155.10.

The facts established in the first appeal are that R. P. Ellingson received in 1913, as a gift from his father, 10 shares of stock of the Ellingson Lumber Co.; that in 1917 he received, as a gift from his father, 90 shares of the stock of the same corporation; that in 1917 he purchased 100 shares at a price of $105 per share; that in determining the petitioner's taxable income the respondent, in arriving at the basis for determining the gain on the sale of the 10 shares acquired by the petitioner in 1913, determined that the value was $137.36 per share. The petitioner claims that the fair market value on March 1, 1913, was $150 per share.

The admitted facts with respect to the appeal of the estate of C. K. Ellingson are that during the year 1920 the estate received in liquidation of 631 shares of the stock of the Ellingson Lumber Co., a corporation, the sum of $153.41 per share; that the 631 shares of stock above referred to were owned by the estate at March 1, 1913; that in determining the estate's taxable income the respondent, in arriving at the basis for determining the gain on the liquidation of the 631 shares of stock owned by the estate at March 1, 1913, relies on the valuation of $137.36. The petitioner contends that the value was $150 per share. No facts in addition to the facts admitted by the respondent have been proven.

*Judgments will be entered for the respondent.*

Considered by LITTLETON.